# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| MATTHEW SCUTT, *Plaintiff* § § § | |
| § § | SA-21-CV-00934-XR |
| -vs- § § | |
| § | |
| THOMAS J. HENRY LAW PLLC DOING § | |
| BUSINESS AS THOMAS J. HENRY § | |
| INJURY ATTORNEYS, JOHN HARVEY § | |
| SWEENEY, § | |
| *Defendants* § | |

## ORDER

On this date, the Court considered Defendant Thomas J. Henry Law, PLLC's Motion to Dismiss and Compel Arbitration (ECF No. 10) and Plaintiff's response (ECF No. 11). After careful consideration, the motion is **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff filed this action against Defendants Thomas J. Henry Law PLLC d/b/a Thomas J. Henry Injury Attorneys (the "Firm") and the Firm's former CEO, John Harvey Sweeney, on September 30, 2021, alleging violations of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and Section 510 of the Employee Retirement Income Security Act, 29 U.S.C. § 1140. ECF No. 1. The Firm asks the Court to compel arbitration in accordance with the terms of Plaintiff's employment agreement and to dismiss Plaintiff's claims "with prejudice" for lack of subject matter jurisdiction under Rule 12(b)(1), or, in the alternative, for improper venue under Rule 12(b)(3) or for failure to state a claim under Rule 12(b)(6).[1] ECF No. 10.

---

[1] The Court observes that neither Rule 12(b)(1) nor Rule 12(b)(3) provides a vehicle for dismissal *with prejudice*. *See* FED. R. CIV. P. 41(b) ("dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); *Lawson v. U.S. Dep't of Just.*, 527 F. Supp. 3d 894, 896 (N.D. Tex. 2021) ("Generally, when dismissing for improper venue, a district court does so *without prejudice*") (emphasis added) (citing *Lowery v. Estelle*, 533 F.2d 265, 267 (5th Cir. 1976)); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 210 (5th Cir. 2016) ("Unlike the typical dismissal under Rule 12(b)(6), for instance, which 'operates as an adjudication on the merits,' a dismissal for lack of jurisdiction under Rule 12(b)(1), for instance, does not.").

Plaintiff represents that he does not oppose submitting his claims to arbitration, but opposes dismissal with prejudice and asks that the case be stayed pending arbitration. *See* ECF No. 11 at 1–2. Plaintiff's response further notes that dismissal with prejudice is inappropriate because Defendant Sweeney was not a party to Plaintiff's employment agreement with the Firm and thus not subject to its arbitration provisions. *Id.* Since the filing of Plaintiff's response, however, Defendant Sweeney has consented to arbitration of Plaintiff's claims against him in his individual capacity. ECF No. 13. In light of the binding arbitration agreement between Plaintiff and the Firm, and Defendant Sweeney's consent to arbitration of Plaintiff's claims against him in Sweeney's individual capacity, the Firm's motion to compel arbitration of this matter is **GRANTED**

The Firm asks this Court to dismiss Plaintiff's claims with prejudice "[b]ecause all of Scutt's claims fall within the parties' valid, written arbitration agreement." ECF No. 10 at 7. In *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161 (5th Cir. 1992), the Fifth Circuit acknowledged that the FAA states that the "court shall stay the trial of the action until the arbitration is complete," but held that this rule was not intended to limit dismissal of a case in the proper circumstance. *Id.* at 1164. The Court held that "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Id.* (emphasis in original). In such circumstances, the Court reasoned, "retaining jurisdiction and staying the action will serve no purpose." *Id.* (quoting *Sea–Land Serv. v. Sea–Land of Puerto Rico*, 636 F. Supp. 750, 757 (D.P.R.1986)). Thus, the Court held that the district court "acted within its discretion when it dismissed th[e] case with prejudice." *Id.* at 1164.

In later cases, the Fifth Circuit has noted, however, that dismissal is not required; rather, the district courts have discretion to do so, and also have discretion to stay the case or dismiss without prejudice. *Apache Bohai Corp. v. Texaco China*, 330 F.3d 307, 311 & n.9 (5th Cir. 2003);

*Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 679 (5th Cir. 1999) (holding that district court did not abuse its discretion by dismissing the case without prejudice in favor of arbitration). Accordingly, courts consider a variety of practical matters in determining whether dismissal is appropriate. *See, e.g.*, *Glazer's, Inc. v. Mark Anthony Brands Inc.*, No. SA-11-CV-977-XR, 2012 WL 2376899, at *7 (W.D. Tex. June 22, 2012) ("Plaintiff has not moved the Court for a stay rather than dismissal, and Defendants request that the Court dismiss the action. Because the Court concludes that all of Plaintiff's causes of action are subject to arbitration, the Court will exercise its discretion and dismiss the case without prejudice.").

In this case, multiple factors counsel in favor of entering a stay rather than dismissing this action. First, although Defendant Sweeney has consented to arbitration, Plaintiff's claims against him are not subject to the arbitration agreement. Thus, unlike in *Alford*, it is not true here that "*all* of the issues raised in the district court *must* be submitted to arbitration." 975 F.2d at 1164 (second emphasis added). Second, Plaintiff has specifically requested a stay pending arbitration. *See* ECF No. 11; *cf. Glazer's* ("Plaintiff has not moved the Court for a stay rather than dismissal . . ."). Moreover, while clearly preferring dismissal, the Firm acknowledges that staying these proceedings is an appropriate alternative. *See* ECF No. 10 at 7 ("[T]he Court must compel arbitration and, at minimum, stay its own proceedings until the arbitration 'has been had in accordance with the terms of the agreement.'") (citing 9 U.S.C. § 3 and *Gutierrez v. Academy Corp.*, 967 F. Supp. 945, 947 (S.D. Tex. 1997)). Thus, the Court will exercise its discretion to deny the Firm's motion to dismiss Plaintiff's claims and to stay the case pending arbitration.

## CONCLUSION

For the reasons set forth herein, Defendant Thomas J. Henry Law, PLLC's Motion to Dismiss and Compel Arbitration (ECF No. 10) is **GRANTED IN PART** and **DENIED IN PART**.

3

The Firm's motion to compel arbitration is **GRANTED**, and the parties are **ORDERED** to proceed to arbitration of Plaintiff's claims against both the Firm and Defendant Sweeney.

The Firms motion to dismiss Plaintiff's claims with prejudice is DENIED. This case and all pending deadlines are **STAYED** pending the completion of arbitration.

The Court further concludes that this case is appropriate for administrative closure. *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay . . . ."). The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case pending further order of the Court. Though administratively closed, this case will still exist on the docket of this Court and may be reopened upon request of any party or on the Court's own motion. The parties shall file an advisory every 90 days concerning the progress of the arbitration and shall file an advisory within 14 days of completion of the arbitration concerning whether the case can be dismissed.

It is so **ORDERED**.

**SIGNED** this 1st day of February, 2022.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE